UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARK JAMAL KEARNEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-39 |
| | § | |
| William Stephens, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ON PENDING MOTIONS AND LIFTING
DISCOVERY STAY AND ORDER FOR DEFENDANTS BRAD
LIVINGSTON AND WILLIAM STEPHENS TO ANSWER**

Pending is the Motion to Sever Claim, filed by the Office of the Attorney General (AG), as Amicus Curiae (D.E. 16), as well as Plaintiff's motion for appointment of counsel, motion to transfer case, and motion to consolidate cases. (D.E. 21). For the reasons stated herein, all motions are **DENIED**. The June 23, 2014 stay is lifted and defendant Brad Livingston and defendant William Stephens shall each file his respective answer on or before **December 22, 2014.**

**I.    JURISDICTION**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II.    PROCEDURAL BACKGROUND AND CURRENT STATUS OF CASE**

Plaintiff Mark Kearney is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently confined at the McConnell

Unit in Beeville, Texas. Plaintiff filed this lawsuit on February 5, 2013, alleging four claims: (1) that TDCJ policy prohibiting him from growing a beard violates his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA); (2) that on two occasions, Muslim Jumah service was held in the multi-purpose room rather than its usual location in the gym, and the multi-purpose room was too small and was dirty in violation of Plaintiff's First Amendment right to practice his religion; (3) that his Fourteenth Amendment due process rights were violated when he was held in solitary confinement without notice of the charge against him and without a hearing; and (4) that the heat in solitary confinement was extreme and violated his Eighth Amendment right against cruel and unusual punishment. (D.E. 1). He named as defendants: (1) Brad Livingston, the TDCJ Executive Director; (2) William Stephens, the TDCJ-CID Director; (3) McConnell Unit Warden Gary L. Currie; (4) McConnell Unit Warden Carole E. Monroe; and (5) Warden L. Clark, the Region IV Director. (D.E. 1, p. 3).

Following a *Spears*[1] hearing, the undersigned Magistrate Judge issued a Memorandum and Recommendation recommending that some claims be retained and some claims dismissed. (D.E. 9). The Court adopted the Recommendation in its entirety. (D.E. 10). The Court retained Plaintiff's RLUIPA and First Amendment claims for injunctive relief against Brad Livingston and William Stephens in their official capacities, but stayed those claims pending their resolution in a similar action, *Ali v. Stephens,* Case No. 9:09-cv-052, in the United States District Court for the Eastern District of Texas,

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). A copy of the *Spears* transcript is filed at D.E. 13.

Lukfin Division. The Court also retained Plaintiff's due process claim and Eighth amendment severe heat claim against Warden Monroe in his individual capacity. All claims against Defendants Warden Currie and Warden Clark were dismissed because Plaintiff's claims against them were only that they denied his grievances, which fails to state a claim. Further, all claims against Defendants in their official capacities for money damages were dismissed as barred by the Eleventh Amendment. (D.E. 10).

On July 23, 2014, the Attorney General (AG), as *Amicus Curiae,* notified the Court that Plaintiff's Eight Amendment excessive heat claim could potentially be related to pending Multidistrict Litigation styled, *In re Texas Prison Heat Litigation,* MDL Case No. 2569. (MDL 2569). (D.E. 15).

On July 24, 2014, the AG filed a motion to sever Plaintiff's heat claims (D.E. 16), and on July 28, 2014, the AG filed a notice of appearance in MDL 2569. (D.E. 17).

On August 8, 2014, Warden Monroe filed his Answer. (D.E. 19).

On August 15, 2014, Plaintiff filed the instant motion for appointment of counsel, motion to transfer case, and motion to consolidate. (D.E. 21).

On September 8, 2014, Plaintiff filed his First Amended Complaint and named as defendants Gary L. Currie, William Stephens, Brad Livingston, Rick Thaler, and Eileen Kennedy. (D.E. 23).

On September 11, 2014, Defendant Monroe filed an Amended Answer to Plaintiff's First Amended Complaint. (D.E. 24).

## III. DISCUSSION

### A. Motions to sever, transfer, and/or consolidate are moot.

Defendants sought to sever Plaintiff's heat claim and consolidate it with MDL 2569 (D.E. 16), as did Plaintiff (D.E. 21). However, on October 9, 2014, the United States Judicial Panel on Multidistrict Litigation (JPML) denied the TDCJ's motion to consolidate seven other prisoner heat-injury/death cases with MDL 2569. *In re Texas Prison Conditions-of-Confinement*, ___ F. Supp. 3d. ___, 2014 WL 5105490 (J.P.M.L. Oct. 9, 2014). Although Plaintiff's action was not specifically considered in that Order, the JPML's reasoning for denying consolidation applies equally in this case, and it is almost certain that this case will be denied consolidation in MDL 2569. Therefore, in accordance with the direction set by the JPML, Defendants' motion to sever (D.E. 16) and Plaintiff's motion to transfer case and consolidate (D.E. 21) are both **DENIED**. Plaintiff's heat-related injury claim will be litigated within this action.

### B. Plaintiff's motion for appointment of counsel.

In connection with his motion to transfer and to consolidate this case with other heat-injury cases, Plaintiff has requested that the attorney involved in several of those actions, Jeffery Edwards, be appointed as his attorney in this lawsuit. (D.E. 21).

No constitutional right to appointment of counsel exists in civil rights cases. *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994). A district court is not required to appoint counsel unless "exceptional circumstances" exist. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986)). Among the

factors that the Court should consider are: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case." *Jackson*, 811 F.2d at 262 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

Upon careful consideration of the factors set forth in *Jackson*, the Court finds that appointment of counsel is not warranted at this time. Regarding the first factor, Plaintiff's Eighth Amendment heat-injury claim against Warden Monroe is straight forward, and the claim itself does not present any complexities that are unusual in prisoner actions. The second and third factors are whether the Plaintiff is in a position to adequately investigate and present his case. Plaintiff has thus far demonstrated that he is able to adequately communicate and file pleadings with the Court. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature. Following discovery, Plaintiff may re-urge his motion for appointment of counsel or the Court may do so *sua sponte* if the case is set for trial. Moreover, there is no reason that Plaintiff cannot contact Mr. Edwards himself. Thus, Plaintiff's motion for appointment of counsel (D.E. 21) is **DENIED without prejudice**.

### C. Plaintiff's Amended Complaint.

Without leave of court, Plaintiff filed his First Amended Complaint on September 8, 2014. (D.E. 23). As he did in his original complaint, he names Rick Thaler, the former TDCJ-CID Director who has since been replaced by William Stephens, as well as dismissed defendant Gary Currie. He also names as a defendant Eileen Kennedy, the current Region IV Director. Ms. Kennedy's predecessor, Warden Clark, was dismissed. (D.E. 9, 10).

Plaintiff cannot revive his claims against these dismissed officials, and to the extent he attempts to do so, his amended complaint is denied as moot. The Defendants that remain in this action are Brad Livingston, William Stephens and Warden Monroe. Livingston and Stephens are sued in their official capacities only; Warden Monroe is sued in his individual capacity for monetary damages.

### D. The *Ali* case.

On June 23, 2014, the Court stayed discovery in this case pending the resolution of *Ali v. Stephens,* No. 9:09-cv-052 (E.D. Tex. Sept. 26, 2014), a similar lawsuit brought by a Muslim inmate challenging the TDCJ's grooming policy and religious headwear policy. A three-day bench trial was conducted in the *Ali* case before Magistrate Judge Zach Hawthorn on July 16-18, 2014, and by Order entered September 26, 2014, Judge Hawthorn ruled in favor of Ali, granting him declaratory and injunctive relief to wear a fist-length beard,[2] as well as a kufi. Defendant Stephens has appealed that decision. *Ali v. Stephens*, No. 9:09-cv-052 (E.D. Tex. Sept. 26, 2014) *appeal docketed*, No. 14-41165

---

[2] Ali abandoned his request for a quarter-inch beard.

(5th Cir. Oct. 21, 2014). Stephens has also requested a stay regarding the injunctive relief awarded, but that motion has not yet been ruled on.

In regard to this case, the parties may now proceed with discovery. Upon review of the docket, it appears neither defendant Brad Livingston, TDCJ Executive Director, nor defendant William Stephens, TDCJ-CID Director, have filed an answer. Therefore, defendant Brad Livingston and defendant William Stephens shall each file his respective answer on or before **December 22, 2014.** Additionally, Plaintiff is free to file a motion for a preliminary injunction to wear a quarter-inch or fist length beard should he desire to do so. A separate scheduling order will be entered.

ORDERED this 28th day of November, 2014.

_____
Jason B. Libby
United States Magistrate Judge