Case 2:14-cv-00039   Document 68   Filed in TXSD on 11/30/15   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 30, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARK JAMAL KEARNEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-39 |
| | § | |
| GARY L CURRIE, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING, AS MODIFIED,
MEMORANDUM AND RECOMMENDATIONS**

Pending before the Court is Defendant Carol Monroe's (Monroe's) Motion for Summary Judgment (D.E. 54). On August 13, 2015, Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R, D.E. 61), recommending that the motion be granted with respect to the Eighth and Fourteenth Amendment complaints regarding Plaintiff's placement in a solitary cell for fourteen days. The M&R also recommends that Plaintiff's claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA) remain pending.

On August 24, 2015, Defendant William Stephens filed an advisory, providing notice that the Texas Department of Criminal Justice (TDCJ) had issued a new policy permitting Plaintiff to wear a half-inch beard in connection with his Muslim faith, thus ostensibly eliminating Plaintiff's RLUIPA claims. On September 10, 2015, Plaintiff filed his objections to the M&R and to the advisory (D.E. 63). Plaintiff does not address any objections to the M&R's analysis of his Eighth and Fourteenth Amendment claims and Monroe's invocation of qualified immunity. When no timely objection is filed, the

district court need only satisfy itself that there is no clear error on the face of the record and accept the magistrate judge's recommendation. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)). The Court, after due consideration of the M&R, ADOPTS the M&R with respect to its analysis and recommendation to dismiss the Eighth and Fourteenth Amendment claims.

With respect to the RLUIPA claims and Defendants' advisory suggesting that the new TDCJ policy has cured any deficiencies, Plaintiff has objected that the new TDCJ policy is vague and contradictory in that one cannot have a beard that is both "neatly trimmed" and not "sculpted." Plaintiff alleges that the ambiguity permits retaliatory enforcement actions in which the jailors may claim that the beard is not compliant with whichever of the two mutually exclusive requirements it does not appear to meet. He also complains that the requirement that he be clean-shaven once a year for purposes of an identifying photo is unreasonable.

In this case, Plaintiff asked for injunctive relief that he be allowed to wear a one-quarter to one-half inch beard. Plaintiff has received that relief. Accordingly, Plaintiff's claim that he be permitted to wear a one quarter-inch beard is dismissed as moot. Plaintiff's new claims have not yet proceeded through the administrative remedy phase. The Court holds that Plaintiff may raise any claims challenging the new policy after exhausting his administrative remedies at both levels and seeking leave to amend his complaint or by filing a new lawsuit. Because the action of Plaintiff and other litigants

led directly to the promulgation of a new policy, fairness counsels against requiring Plaintiff to pay a second filing fee if he wishes to challenge the new policy.

Therefore, Plaintiff is granted sixty days from the date of this order to exhaust administrative remedies and seek leave to amend his complaint to add the new claim. Alternatively, Plaintiff may file a new lawsuit. If no motion for leave to amend is filed on or before January 29, 2016, final judgment closing this case may be entered. Entry of final judgment in this case will not bar a new lawsuit challenging the religious beard policy.

ORDERED this 30th day of November, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE